WEST JERSEY AND SEASHORE RAILROAD COMPANY, complainant-respondent,

v.

CITY OF MILLVILLE, defendant-appellant.

[Decided September 30th, 1921.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming, who delivered the following opinion orally:

"The statute provides that no crossing shall be built at grade over a railroad unless application is first made to the public utility commission for that purpose and leave granted by that commission, and the whole question appears to be whether or not the duty now exists for the railroad company to apply to the public utility commission for leave to build this crossing—for they cannot do it without leave since the law forbids it—or whether, if the city desires the crossing built, it is the duty of the city to apply for leave to build it.

"The theory on which I granted restraint was that there is presently an existing menace to the public that will continue until the public utility commission shall act in authorizing this crossing to be built. The city has made that menace by grading and surfacing this street up to the tracks. Up until this time I have not seen how there can be any doubt of it being the duty of the city to go a step further and procure from the state board the right to extend that highway across the tracks. By the highway I refer to a completed highway across the tracks; it is not completed at this time across the tracks. It may be a legal street but it is not usable—it is not passable.

"Now, on the part of the city it is claimed that the railroad should apply to the public utility commission for permission to build this crossing. Why should it do so? The railroad com-

pany does not want it; it will have to have it if the public utility commissioners say it should be constructed. Now, I should like to hear anything further counsel can offer that suggests that the railroad is not entitled to protection against this existing menace until the city of Millville shall have taken the initiative before the public utility commission.

"Mr. Miller—The only answer I can make is, it is an old street, not a new street.

"The Vice-Chancellor—I do not think that makes any difference. The statute comes in at a later date and before the street has been constructed across the tracks and says this crossing shall not be built at grade without the consent of the board. My attention was called by Mr. Bacon, when I granted the restraint, to a decision by Vice-Chancellor Howell, in which he says that it is the duty of the one who wishes the crossing to apply to the board and not the one who does not wish it completed. The case before Vice-Chancellor Howell, as I now recall it, was practically identical with this case, so far as the salient features were concerned, it seems to me it was identical, and it is there held that the crossing cannot be constructed until a license is granted by the board, and the municipality cannot impose upon the railroad the duty to apply for a license which it does not want granted.

"Now, until that crossing is constructed it is a menace, that everybody agrees, and the restraint that was granted in my preliminary order was a restraint against the city interfering with the planting of certain posts that had heretofore been used to prevent accidents. Of course, it is immaterial, so far as this court is concerned, whether those posts are preserved as the barrier or whether some other barrier is constructed, but I think until the utility board acts the railroad company should be privileged to protect that place by some barrier or other, some suitable protection somewhere in front of the rails and on their own property—that is, in the street in front of the property owned by the railroad company. Unless Mr. Miller can suggest something further to modify the views that I now entertain, I think the restraint ought to be granted.

"Mr. Miller—I cannot think of anything more.

"The Vice-Chancellor—I have not asked Mr. Bacon to express his views because he expressed them to me very fully when he applied for the writ, and I think they were entirely sound."

*Mr. Louis H. Miller,* for the appellant.

*Mr. Walter H. Bacon,* for the respondent.

PER CURIAM.

The order appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Leaming.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, HEPPENHEIMER, WILLIAMS, VAN BUSKIRK—12.

*For reversal*—None.